Rob Bonta
Attorney General of California
Sarah E. Morrison, SBN 143459
Supervising Deputy Attorney General
Donald Robinson, SBN 72402
Kate M. Hammond, SBN 293433
Deputy Attorneys General
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6531
Fax: (916) 731-2128
Email: kate.hammond@doj.ca.gov

*Attorneys for Plaintiffs
Department of Toxic Substances Control
and the Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, et al.,<br><br>Defendants. | Case No. 4:21-cv-07450-HSG<br><br>**FIRST AMENDED COMPLAINT FOR RECOVERY OF RESPONSE COSTS and DECLARATORY RELIEF (42 U.S.C. §§ 9601 et seq.)**<br><br>Courtroom: 2 – 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Trial Date: None Set<br>Action Filed: September 24, 2021 |

Plaintiffs, the California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account (collectively referred to herein as "Plaintiffs") allege as follows:

### STATEMENT OF THE CASE

1. This is a civil action brought by Plaintiffs against Pacific Gas and Electric Company, Union Oil Company of California, SWEPI LLC (previously named as SWEPI LP), Chevron U.S.A. Inc., and Phillips 66 Company (each individually referred to herein as a "Defendant" and collectively referred to herein as the "Defendants") under sections 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for the recovery of unreimbursed response costs that Plaintiffs have incurred, and interest on such response costs, in connection with releases and threatened releases of hazardous substances at, beneath, above, and/or from the Benson Ridge landfill ("Benson Ridge"), a closed hazardous waste treatment and disposal landfill located in Lake County, California.

2. Plaintiffs further make a claim for declaratory relief, under 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for a declaratory judgment that each Defendant is jointly and severally liable to Plaintiffs for the response costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future as result of any release or threatened release of a "hazardous substance," as defined in CERCLA section 101(14), 42 U.S.C. § 9601(14), at Benson Ridge.

3. Benson Ridge was operated as a hazardous and solid waste landfill until it ceased accepting waste in or about 1984. Benson Ridge, and the horizontal and vertical extent of the contamination caused by releases and threatened releases of hazardous substances at and from Benson Ridge, is a "facility," within the meaning of sections 101(9)(A) and 101(9)(B), of CERCLA, 42 U.S.C. §§ 9601(9)(A), 9601(9)(B).

### JURISDICTION AND VENUE

4. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases and threatened releases of hazardous substances that are at issue occurred in this judicial district.

**PLAINTIFFS**

6. DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code sections 58009 and 58010. DTSC has the authority to protect California's people and environment from the harmful effects of toxic substances by restoring contaminated resources, enforcing hazardous waste laws, reducing hazardous waste generation, and encouraging the manufacture of chemically safer products. *See, e.g.*, Cal. Health & Safety Code §§ 25100-25259, §§ 25300-25359.45, and §§ 58009-58010. DTSC has authority under state law to determine whether there has been a release and/or threatened release of a hazardous substance and to respond to releases and/or threatened releases of hazardous substances.

7. The Toxic Substances Control Account is an account within the State of California General Fund. California Health and Safety Code section 25173.6 establishes the account and the Director of DTSC administers the account. Under California Health and Safety Code section 25361(a), the account shall be a party in any action for the recovery of response costs or expenditures under Chapter 6.8 of Division 20 of the California Health and Safety Code that were incurred by DTSC from the account.

**DEFENDANTS**

8. Defendant PACIFIC GAS AND ELECTRIC COMPANY ("PGE") is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that PGE has its principal place of business in Oakland, California. DTSC is further informed and believes, and based on such information and belief alleges, that PGE "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Benson Ridge.

9. Defendant UNION OIL COMPANY OF CALIFORNIA ("UNION OIL") is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that UNION OIL has its principal place of business in San Ramon,

1  California.  DTSC is informed and believes, and based on such information and belief alleges,
2  that UNION OIL "arranged for disposal or treatment … of hazardous substances," as set forth in
3  section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Benson Ridge.
4        10.    Defendant SWEPI LLC (previously named as SWEPI LP) ("SWEPI") is a limited
5  liability company organized in Texas. DTSC is informed and believes, and based on such
6  information and belief alleges, that SWEPI has its principal place of business in Houston, Texas.
7  DTSC is informed and believes, and based on such information and belief alleges, that SWEPI
8  "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of
9  CERCLA, 42 U.S.C. § 9607(a), at Benson Ridge.
10       11.    Defendant CHEVRON U.S.A. INC. ("CUSA") is a corporation incorporated in
11 Pennsylvania. DTSC is informed and believes, and based on such information and belief alleges,
12 that CUSA has its principal place of business in San Ramon, California.  DTSC is informed and
13 believes, and based on such information and belief alleges, that CUSA "arranged for disposal or
14 treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. §
15 9607(a), at Benson Ridge.
16       12.    Defendant PHILLIPS 66 COMPANY ("PHILLIPS 66") is a corporation incorporated
17 in Delaware.  DTSC is informed and believes, and based on such information and belief alleges,
18 that PHILLIPS 66 has its principal place of business in Houston, Texas.  DTSC is informed and
19 believes, and based on such information and belief alleges, that PHILLIPS 66 "arranged for
20 disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42
21 U.S.C. § 9607(a), at Benson Ridge.
22       13.    DTSC is informed and believes, and based on such information and belief alleges,
23 that each Defendant knowingly arranged for the disposal of its hazardous substances in
24 California.

**BENSON RIDGE**

26       14.    Benson Ridge is a landfill approximately 150 acres in size located at 7620 Highway
27 29, Kelseyville, Lake County, California 95451.  Benson Ridge occupies a narrow valley and the
28 area surrounding Benson Ridge largely consists of brush-covered rangeland.  The following uses

exist within one half to one mile southwest of Benson Ridge: a residential care facility for the elderly, other residential use, agricultural use, and business use.

15. Benson Ridge is identified by Assessor's Parcel numbers 7-018-13 (5.09 acres), 7-029-6 (80.00 acres), 7-030-21 (19.25 acres), and 9-022-01 (46.04 acres). The waste management area of Benson Ridge encompassed approximately 25 acres of the 150-acre property, of which approximately 9 acres were utilized for actual disposal operations.

16. From at least 1979 to 1984, an entity known as the IT Corporation owned and operated Benson Ridge for purposes that included, without limitation, treating, storing, and disposing of Class I and Class II hazardous wastes. Hazardous substances disposed of at Benson Ridge primarily included liquids and sludges, including, but not limited to: drilling muds; geothermal condensates and brines; petroleum fractions; geothermal power plant wastes from hydrogen sulfide abatement/removal equipment; and geothermal power plant solid wastes from maintenance operations. During its operation, Benson Ridge utilized three surface impoundments for the evaporation of liquid and sludge wastes. Impacts to environmental media (*e.g.*, soil vapor, soil, surface water and groundwater) occurred during the management of the hazardous materials and/or wastes received by Benson Ridge.

17. After Benson Ridge ceased accepting hazardous substances for treatment, storage, and disposal, the IT Corporation undertook formal closure activities and, on March 24, 1993, Benson Ridge received closure certification. Benson Ridge transitioned to postclosure status pursuant to a "postclosure permit" approved by DTSC on December 31, 1997. *See* Cal. Health & Saf. Code §§ 25245-25248. The postclosure permit was renewed on June 10, 2008. A subsequent postclosure permit renewal application did not qualify for renewal because of inadequate financial assurances.

18. The on-going, postclosure activities required at Benson Ridge include, but are not limited to, onsite recovery and management of groundwater contaminated by past waste management activities, evaporation of the recovered groundwater in an onsite evaporation basin, long-term groundwater monitoring, routine inspections, maintenance and compliance activities, and water quality sampling and reporting.

19.     In 2002, IT Corporation (the former owner and operator of Benson Ridge) filed for bankruptcy protection and, on May 1, 2004, the "IT Environmental Liquidating Trust" ("ITELT") was established to oversee the long-term post closure operation, maintenance, and upkeep of Benson Ridge as part of the conclusion of the bankruptcy proceedings.  On May 1, 2004, ITELT became the owner and operator of Benson Ridge.

20.     A requirement applicable to Benson Ridge is that the owner/operator–*i.e.*, ITELT– must obtain and maintain sufficient financial assurances that it can complete the required postclosure activities. *See* Cal. Health & Saf. Code § 25245(a)(2); Cal. Code Regs., tit. 22, § 66264.145(e)(3).

21.     On February 29, 2016, DTSC determined that ITELT was in violation of the postclosure requirements, due to the underfunding of financial assurances for completion of the postclosure activities by an amount no less than $1,385,960.31.

22.     On April 5, 2016, ITELT informed DTSC in writing that it had "no additional financial assets, or mechanisms in place, to meet the financial assurance obligations" required by California law.

23.     In written correspondence dated July 28, 2016, DTSC notified ITELT that the financial assurances for postclosure activities at Benson Ridge was underfunded in the amount of $4,428,324, based upon the 30-year financial assurance period, which amount is periodically reassessed and financial assurances renewed for another 30-year period to ensure long-term financial assurance for postclosure activities at Benson Ridge.  In this July 28, 2016 letter, DTSC determined – based on ITELT's April 5, 2016 letter – that ITELT would not be able to meet the financial assurance obligations for continued maintenance of the closed units, including the amount necessary for renewal of its permit to conduct the required postclosure activities.

24.     On November 29, 2016, DTSC issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order (ISE Order, Docket Number:  HSA-FY16/17-052) under the authority of Health and Safety Code sections 25358.3(a), 25355.5(a)(1)(B), 58009 and 58010 ("ISE Order").  DTSC issued the ISE Order to address threatened releases of hazardous substances that would occur if Benson Ridge is not adequately

managed when existing funds are exhausted and a permanent remedy has not been implemented. The ISE Order named ITELT and a few generators [*i.e.*, "arrangers"], including the Defendants, or affiliates of Defendants, as respondents.

25. There have been "releases" of hazardous substances from Benson Ridge, as defined in CERCLA section 101(22), 42 U.S.C. § 9601(22), which resulted in serious impacts to the environment (*e.g.*, air, soil, soil vapor, surface water, groundwater, or other media) and allowed exposure (*e.g.*, inhalation, dermal absorption, and ingestion) to human and ecological receptors on and off Benson Ridge. Further releases threaten to result in similar serious impacts to the environment and exposure to human and ecological receptors.

## FIRST CLAIM FOR RELIEF

**(Cost Recovery Claim Against All Defendants Pursuant to Section 107(a) of CERCLA)**

26. Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 25 above, as though fully set forth herein.

27. Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), provides in relevant part that any person who arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances at a facility from which there has been a release or a threatened release of a hazardous substance which results in the incurrence of response costs, shall be liable for all costs of removal or remedial action incurred by a State not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("National Contingency Plan"), 40 C.F.R. Part 300.

28. Benson Ridge, and the horizontal and vertical extent of the hazardous substance contamination caused by releases of hazardous substances from Benson Ridge, including, without limitation, any area where any hazardous substance from Benson Ridge has come to be located, is a "facility" within the meaning of section 101(9)(A) and (9)(B), 42 U.S.C. §§ 9601(9)(A), 9601(9)(B).

29. Each Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

30. Each Defendant arranged for disposal or treatment, or arranged with a transporter for

1 transport for disposal or treatment, of hazardous substances at Benson Ridge.  Hazardous
2 substances from Benson Ridge have been released into the environment and there is a continuing
3 threat of additional hazardous substance releases from Benson Ridge.  These releases and
4 threatened releases have resulted, and will continue to result, in Plaintiffs' incurrence of response
5 costs.  Each Defendant is liable to Plaintiffs for response costs Plaintiffs incurred at Benson Ridge
6 as a result of releases and threatened releases at Benson Ridge, pursuant to section 107(a)(3) of
7 CERCLA, 42, U.S.C. § 9607(a)(3).

8    31.   The hazardous and solid wastes treated and/or disposed of at Benson Ridge
9 contained, without limitation, compounds that can migrate through groundwater, including, but
10 not limited to the following:  arsenic, chromium, hexavalent chromium, mercury, nickel, sodium,
11 and vanadium.  These wastes, which are present at Benson Ridge, contained "hazardous
12 substances," which are defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14).  There has
13 been a "release" or threatened release of hazardous substances, including but not limited to those
14 included in this paragraph, from Benson Ridge into the "environment," within the meaning of
15 sections 101(8) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(8) and 9601(22).

16    32.   DTSC, in its capacity as an agency of the State of California, is considered a "State"
17 for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. §
18 9607(a).

19    33.   Plaintiffs have incurred response costs not inconsistent with the National Contingency
20 Plan, 40 C.F.R. Part 300, resulting from the releases or threatened releases of hazardous
21 substances at and from Benson Ridge, within the meaning of section 101(25) of CERCLA, 42
22 U.S.C. § 9601(25).  These response costs include, but are not limited to, costs to monitor, assess,
23 evaluate and/or respond to the release and/or threatened release of hazardous substances at
24 Benson Ridge, as defined in Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. §§ 9601(23),
25 (24) and (25).  Plaintiffs are continuing to incur such costs, and Plaintiffs will continue to incur
26 such costs in the future.

27    34.   Each Defendant is jointly and severally liable, without regard to fault, pursuant to
28 section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for Plaintiffs' response costs resulting from the

release or threat of release of hazardous substances from Benson Ridge.

35. Pursuant to section 107(a) of CERCLA, Defendants also are liable for interest accrued on Plaintiffs' response costs.

## SECOND CLAIM FOR RELIEF

**(Claim for Declaratory Relief Against all Defendants Pursuant to section 113(g)(2) of CERCLA)**

36. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs 1 through 35 above, as though fully set forth herein.

37. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each Defendant is jointly and severally liable to Plaintiffs for any response costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future, resulting from the releases and/or threatened releases from Benson Ridge.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants as follows:

1. For a judgment that each defendant is jointly and severally liable to Plaintiffs, without regard to fault, for all costs of response, removal, and remedial actions, including, but not limited to, oversight costs, incurred by Plaintiffs and resulting from release(s) and/or threatened release(s) of hazardous substances at, beneath, above and/or from Benson Ridge;

///

///

///

    2.    For a declaration that each defendant is jointly and severally liable to Plaintiffs, without regard to fault, for all future costs, including oversight costs, incurred by Plaintiffs as the result of any release(s) and/or threatened release(s) of hazardous substances at, beneath, above and/or from Benson Ridge;

    3.    For Plaintiffs' costs of suit;

    4.    For Plaintiffs' attorneys' fees;

    5.    For prejudgment interest; and

    6.    For such other and further relief as the court deems just and proper.

Dated: August 23, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General

*/s/ Kate M. Hammond*

KATE M. HAMMOND
Deputy Attorney General
DONALD ROBINSON
Deputy Attorney General
*Attorneys for Plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account*